THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AURELIO RAMOS JUSTINIANO, Defendant and Appellant.

No. 8459.  Argued January 23, 1941.—Decided January 24, 1941.

*Ildefonso Freyre* for appellant.  *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On January 27, 1939, the District Attorney of Mayagüez filed an information against Aurelio Ramos Justiniano for the offense of keeping in his possession a certain firearm without declaring or registering the same as required by Act No. 14 of 1936 (Session Laws, (2) p. 128).

After the trial had been set for the 11th of the following April, the defendant moved for a continuance on the ground of illness.  His motion contained an allegation reading thus: "That the defendant waives a speedy trial, if a continuance is granted to him."  The court granted the motion.

After the trial had been reset, the same was continued on motion of the district attorney which was filed on July 20, 1939.

The trial was again set for September 13 and on the same day the defendant moved for a continuance and stated that he waived his right to a speedy trial if the same was granted to him. The court granted the motion.

November 24 was the next date set for the trial, and a new motion was made by the defendant who reiterated the waiver of his right to a speedy trial.

After the trial was set for February 1, 1940, the same was continued ''as the attorney for the defendant is Ildefonso Freyre, Esq., who is discharging the duties of acting district attorney.''

At this stage, the trial having been set for June 26, 1940, the defendant, through his attorney Ildefonso Freyre, on the 20th of the same month filed a motion to dismiss the prosecution on the ground that more than 120 days had elapsed from February 1, the date on which the trial had been continued, to that on which the motion was being filed, without the trial having been held.

That motion was set for argument on June 26, the day of the trial, and after both parties were heard, the court denied the same. The introduction of the evidence was proceeded with. At the close of the evidence for the prosecution, the defendant presented a motion for nonsuit which was denied by the court. Thereupon he took an exception and stated that he would not introduce any evidence and submitted the case. The court then rendered judgment finding him guilty and sentencing him to a term of six months in jail, with credit for the time spent in jail pending trial.

It was from that judgment that the present appeal has been taken, and two errors have been assigned as committed by the court in denying the motions to dismiss the prosecution and for a nonsuit.

Let us examine the first assignment. We have already stated what occurred in connection with the holding of the trial. The same had been repeatedly set by the court within the time prescribed by law. On three occasions it was

continued on motion of the defendant himself, who every time waived his right to a speedy trial. It was continued a fourth time on the ground "that his counsel was acting district attorney of the court."

Between that last continuance ordered on February 1, 1940, and the date of the new setting, June 26, 1940, more than 120 days had elapsed, a circumstance of which the defendant sought to take advantage after 120 days had passed in order to move for his discharge.

Such being the attendant circumstances, the case resembles more that of *Garcés* v. *Court,* 55 P.R.R. 328, than that of *People* v. *Cepeda,* 31 P.R.R. 465, which is analyzed and distinguished in the *Garcés* case, and it must therefore be held that the trial court did not err in applying the rule laid down in the former case and in denying the motion to dismiss the prosecution.

The trial could have been held not once but many times within the statutory period, and it was at the request of the defendant himself that the same was continued. The defendant did not confine himself to requesting such continuances, but he also expressly stated that he waived his right to a speedy trial.

Under such circumstances, can he take advantage of a difference of twenty days in order to move for a dismissal of the prosecution? In our judgment, he can not.

If the defendant desired to limit his waivers of the right invoked on June 20, 1940, he should have taken some timely step in order that that right should arise anew in all its force. He failed to do this. On the contrary, he deliberately waited until the 120 days had elapsed before filing his motion, at a time when the court was not in a position to advance the setting, if this had been possible.

In virtue thereof, we must conclude that the first assignment of error is not well founded.

We fail to find that the second is well founded either.

In order to show the error claimed, the appellant cites the holding of this court in *People* v. *Díaz*, 55 P.R.R. 611, 613, construing the statute for whose violation he had been sentenced, in the sense that the residence of the defendant must be alleged and proved the same as any other essential element of this kind of offenses in order to show the place where the firearm should have been registered, and he maintains that the district attorney failed to prove his residence in Mayagüez.

However, after an examination of the evidence we find in it sufficient elements to conclude, as the lower court did, that the residence of the defendant in Mayagüez at the time when the revolver had been seized from him, was shown by the evidence of the district attorney. The witnesses Oscar Correa and Alfonso Matos testified not only that the defendant at that time and subsequent thereto lived in Christí Alley of Mayagüez, but also that he had had there a business, a shop, for about three months.

As none of the errors assigned have been committed, the appeal must be overruled and the judgment appealed from affirmed.